ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| AIXA M. ECHEVARRÍA CONCEPCIÓN<br><br>Parte Recurrida<br><br><br>V.<br><br><br><br>STUART MANAGEMENT, INC., ALEXIS TARIMA LLC, ALEXIS D. PAZ RAMOS Y OTROS<br><br>Parte Peticionaria | TA2025CE00849 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br>_____<br>Caso Núm.:<br>BY2024CV05201<br>_____<br>SOBRE:<br>DAÑOS, RESPONSABILIDAD CON INVITADOS |

Panel integrado por su presidenta la Juez Brignoni Mártir, el Juez Salgado Schwarz y la Juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente

# S E N T E N C I A

En San Juan, Puerto Rico, a 19 de diciembre de 2025.

Comparece ante nos Stuart Management, Inc. (en adelante, "Stuart Management" o "peticionario") para solicitar la expedición del auto de *certiorari* y revocar la *Orden* emitida el 9 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante dicha *Orden*[1], el foro primario declaró No Ha Lugar a levantar la rebeldía a Stuart Management, en cuanto a la *Demanda* presentada en su contra, por Aixa M. Echevarría Concepción (en adelante, "Echevarría Concepción" o "recurrida").

Por los fundamentos que exponemos a continuación, se **expide** el auto de ***certiorari*** y se **revoca** la *Orden*

---

[1] Entrada Núm. 75 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI). Stuart Management presentó una *Solicitud de Reconsideración* (Entrada Núm. 76 del SUMAC TPI) el 24 de octubre de 2025, la cual fue declarada No Ha Lugar mediante una *Resolución Interlocutoria* (Entrada Núm. 79 del SUMAC TPI) el 3 de noviembre de 2025.

recurrida con el fin de dejar sin efecto la anotación de rebeldía del peticionario.

-I-

En lo pertinente a la controversia que nos ocupa, el 6 de septiembre de 2024, Echevarría Concepción presentó una *Demanda* en contra de Stuart Management y otro codemandados, sobre Daños y Perjuicios.[2] En apretada síntesis, alegó que sufrió una caída mientras participaba de una presentación de baile típico en la tarima principal de las Fiestas Patronales del Municipio de Vega Baja, al tropezar con un desnivel que existía entre los paneles del piso de la tarima.

El 9 de septiembre de 2024, la secretaría del Tribunal expidió el correspondiente *Emplazamiento* a Stuart Management[3], el cual fue diligenciado el día 17 del mismo mes y año, mediante entrega personal, según se desprende del *Diligenciamiento del Emplazamiento por Persona Particular*[4]. Expirado el término para hacer una alegación responsiva, el 11 de diciembre de 2024, el foro primario ordenó la anotación de rebeldía de Stuart Management.[5]

Posteriormente, y transcurridos varios trámites procesales que no requieren su pormenorización, el 22 de agosto de 2025, Echevarría Concepción presentó una *Moción Solicitando Cambio en Naturaleza de la Vista y Solicitud de Permiso para Enmendar Demanda*[6], en la que solicitó, entre otras cosas, permiso para enmendar la *Demanda*, a los efectos de unir como parte demandada a la compañía de seguros del Municipio de Vega Baja. Ese mismo

---

[2] Entrada Núm. 1 del SUMAC TPI.
[3] Entrada Núm. 4 del SUMAC TPI.
[4] Anejo de la Entrada Núm. 7 del SUMAC TPI.
[5] Entrada Núm. 28 del SUMAC TPI.
[6] Entrada Núm. 54 del SUMAC TPI.

día, presentó la *Demanda Enmendada*[7], en la que, además de incluir como parte demandada a la compañía de seguros, Multinational Insurance Company, incorporó nuevas alegaciones e hizo cambios a ciertas alegaciones existentes. Específicamente, añadió las alegaciones número once (11), trece (13) y veinte (20), e incluyó cambios a las alegaciones existentes número catorce (14), quince (15), dieciséis (16) y veintiuno (21). El 25 de agosto de 2025, el foro de instancia emitió una *Orden* a los fines de permitir la demanda enmendada.[8]

Por su parte, el 18 de septiembre de 2025, Stuart Management presentó una *Moción Solicitando que se Levante la Anotación de Rebeldía*[9], en la que sostuvo que, debido a que la *Demanda Enmendada* sustituye la original, y que esta abre el caso en rebeldía al introducir nuevas partes y alegaciones; que no existe intención de su parte de dilatar el procedimiento; que la ausencia de contestación fue por causa excusable y no con el ánimo de entorpecer los procedimientos; y que nuestra jurisprudencia y las Reglas de Procedimiento Civil establecen que debe favorecerse la adjudicación de los casos en sus méritos, procedía que se levantara la anotación de rebeldía previamente decretada. Presentó como Anejo a dicha *Moción* su *Contestación a la Demanda Enmendada*.

El 30 de septiembre de 2025, Echevarría Concepción presentó su *Oposición a Relevo de Rebeldía*[10], en la que arguyó que el conceder el relevo de la anotación de rebeldía solo representa un atraso en la pronta solución

---

[7] Entrada Núm. 55 del SUMAC TPI.
[8] Entrada Núm. 57 del SUMAC TPI.
[9] Entrada Núm. 64 del SUMAC TPI.
[10] Entrada Núm. 70 del SUMAC TPI.

de la causa de acción y mayores dificultades para el resarcimiento de los daños y sufrimientos de esta. Sostuvo, además, que Stuart Management no demostró interés en participar ni defenderse en el presente caso.

El 9 de octubre de 2025, el foro primario declaró *No Ha Lugar* a levantar la anotación de rebeldía.[11] Oportunamente, Stuart Management presentó una *Solicitud de Reconsideración*[12], la cual, luego de presentada la oposición de Echevarría Concepción, fue declarada *No Ha Lugar* el 3 de noviembre de 2025.[13]

Inconforme, el 2 de diciembre de 2025, Stuart Management acudió ante nos mediante un *Escrito de Certiorari*[14] y señaló el siguiente error:

> **PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LEVANTAR LA ANOTACIÓN DE REBELDÍA A LA PARTE AQUÍ COMPARECIENTE A PESAR DE QUE LA DEMANDA HABÍA SIDO ENMENDADA, Y AL MOMENTO DE LA SOLICITUD NINGUNA PARTE HABÍA CONTESTADO LA DEMANDA ENMENDADA. AL ASÍ ACTUAR, EL TPI ABUSÓ DE SU DISCRECIÓN, APLICANDO LA REGLA 45.3 DE FORMA RESTRICTIVA Y CONTRARIA A LA JURISPRUDENCIA QUE DISPONE QUE SE DEBE RESOLVER TODA DUDA A FAVOR DE LEVANTAR LA REBELDÍA[.]**

Con el beneficio de la comparecencia de las partes, procedemos a resolver la controversia ante nuestra consideración.

## -II-

### A. Certiorari

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[15] Distinto al recurso de apelación, el tribunal de superior jerarquía

---

[11] Entrada Núm. 75 del SUMAC TPI.
[12] Entrada Núm. 76 del SUMAC TPI.
[13] Entrada Núm. 79 del SUMAC TPI.
[14] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA).
[15] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016), citando a *García v. Padró*, 165 DPR 324, 334 (2005).

tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[16]

Al presentarse un recurso de *certiorari* de naturaleza Civil, es preciso evaluarlo a la luz de la Regla 52.1 de Procedimiento Civil[17]. Como es sabido, la mencionada regla es la disposición reglamentaria que regula todo lo relacionado a la revisión de sentencias y resoluciones dictadas por el Tribunal de Primera Instancia.[18] Dicha Regla limita la autoridad de este Tribunal para revisar las órdenes y resoluciones interlocutorias dictadas por los tribunales de instancia por medio del recurso discrecional de *certiorari*. Posterior a su aprobación, dicha Regla fue enmendada nuevamente por la Ley 177-2010[19], y dispone, en parte:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el

---

[16] *Pueblo v. Díaz de León*, 176 DPR 913 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).
[17] Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V).
[18] *Municipio v. JRO Construction*, 201 DPR 703, 709 (2019).
[19] Reglas de Procedimiento Civil, Enmienda Regla 52.1, Ley Núm. 177-2010.

recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales.[20]

Establecido lo anterior, es preciso recordar que, si bien el auto de *certiorari* […] es un vehículo procesal discrecional, la discreción del tribunal revisor no debe hacer abstracción del resto del derecho.[21] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[22]

La discreción judicial "no se da en un vacío ni en ausencia de unos parámetros".[23] Recordemos que, a fin de que el Tribunal de Apelaciones pueda ejercer su discreción de manera prudente, la Regla 40 de su Reglamento[24] establece los criterios que dicho foro debe considerar al determinar si procede o no expedir un auto de *certiorari*.[25] En particular, esta Regla dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos

---

[20] Regla 52.1 de Procedimiento Civil, *supra*.
[21] *Municipio v. JRO Construction*, *supra*; *IG Builders v. BBVAPR*, 185 DPR 307 (2012); *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008); *García v. Padró*, 165 DPR 324 (2005).
[22] *Id.*; *IG Builders v. BBVAPR, supra*; *Torres Martínez v. Torres Ghigliotty*, *supra*; *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).
[23] *Id.*; *IG Builders v. BBVAPR, supra*, pág.338; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).
[24] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 60, 215 DPR _ (2025).
[25] *Municipio v. JRO Construction, supra*.

originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[26]

El Tribunal Supremo de Puerto Rico ha manifestado que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario, y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto.[27] Por tal razón, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia, salvo que incurra en algunas de las conductas previamente mencionadas.

### B. Anotación de Rebeldía

La Regla 45.1 de Procedimiento Civil[28] dispone que procederá la anotación de rebeldía "[c]uando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas". Este remedio opera, tanto en situaciones en las que el demandado no cumple con el requisito de comparecer a contestar la demanda o defenderse en otra forma

---

[26] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *supra*.

[27] *Citibank et al. v. ACBI et al.*, 200 DPR 724, 726 (2018).

[28] Regla 45.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 45.1.

dispuesta por ley, como en aquéllas en las que "una de las partes en el pleito ha incumplido con algún mandato del tribunal, lo que motiva a [e]ste a imponerle la rebeldía como sanción".[29] Asimismo, se ha dispuesto que la consecuencia jurídica de anotar la rebeldía a una parte en un pleito será principalmente entender aceptadas cada una de las alegaciones bien formuladas que hubieran sido incluidas en la demanda.[30] Específicamente la Regla 45.1, *supra*, establece lo siguiente:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.
> El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

De otra parte, la Regla 45.3 de Procedimiento Civil[31] reconoce la facultad del tribunal para dejar sin efecto una anotación de rebeldía por causa justificada. La jurisprudencia ha identificado los siguientes requisitos esenciales para el ejercicio prudente de esta discreción: (a) la existencia de una buena defensa en los méritos; (b) que la reapertura del caso no ocasione perjuicios; y, (c) que las circunstancias del caso no

---

[29] *Ocasio v. Kelly Servs.*, 163 DPR 653, 670 (2005).
[30] *Vélez v. Boy Scouts of America*, 145 DPR 528, 532 (1998).
[31] Regla 45.3 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 45.3.

revelen un ánimo contumaz o temerario de la parte a quien le fue anotada la rebeldía.[32]

La razón por la que se creó la figura de la rebeldía fue para estimular a las partes a tramitar el pleito de una manera diligente y no para conceder una ventaja a una parte sobre la otra.[33] Por este motivo, un tribunal, al momento de resolver una solicitud de anotación de rebeldía, debe interpretar la Regla 45 de Procedimiento Civil[34] de forma liberal, lo que significa que debe siempre resolver cualquier duda a favor de la parte que se opone a la concesión de la rebeldía.[35] Esto es cónsono con la política judicial que prefiere que los casos se ventilen en sus méritos.[36] No obstante, si bien nuestro ordenamiento jurídico favorece que los pleitos sean resueltos en sus méritos, existe un interés legítimo de los litigantes y de la sociedad en general en que los casos sean tramitados dentro de un término razonable de tiempo.[37] Por ello, la discreción conferida al tribunal requiere establecer un balance justo entre el interés de velar y garantizar que los procedimientos judiciales sean ventilados sin demora y el derecho que tiene todo litigante a tener su día en corte y que, además, las causas se tramiten y se resuelvan en su fondo y en sus méritos.[38]

Esbozada la norma jurídica aplicable, procedemos a resolver la controversia ante nuestra consideración.

---

[32] *Román Cruz v. Díaz Rifas*, 113 DPR 500, 506-507 (1982).
[33] *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011); *Continental Ins. Co. v. Isleta Marina*, 106 DPR 809, 814-815 (1978).
[34] Regla 45 de Procedimiento Civil de 2009, s*upra*.
[35] *Díaz v. Tribunal Superior,* 93 DPR 79, 87 (1966).
[36] *Neptune Packing Corp. v. Wackenhut Corp.,* 120 DPR 283, 293 (1988); *Imp. Vilca, Inc. v. Hogares Crea, Inc.,* 118 DPR 679, 686 (1987).
[37] *Fine Art Wallpaper v. Wolff,* 102 DPR 451, 457-458 (1974); *Díaz v. Tribunal Superior, supra.*
[38] *Ghigliotti v. A.S.A.,* 149 DPR 902, 915 (1999); *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 DPR 664, 673 (1989); *Maldonado v. Srio. De Rec. Naturales*, 113 DPR 494, 497 (1982).

**-III-**

Antes de proceder con la discusión del error señalado, debemos resolver si procede expedir el recurso de *certiorari*. El paso inicial es evaluar la petición a la luz de la Regla 52.1 de Procedimiento Civil[39], la cual establece que "el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre […] anotaciones de rebeldía[…]".[40] Al recordar que la expedición del auto de *certiorari* es una discrecional, es preciso resaltar que, debemos considerar los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones[41]. En específico, dispone, como criterio a considerar, "[s]i el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho."[42]

Al analizar los hechos que nos conciernen, es claro que este foro ostenta la autoridad para revisar la referida *Orden*, ya que se trata de una anotación de rebeldía, y mantenerla es, a nuestro juicio, una disposición contraria a derecho. Esto, ya que la jurisprudencia es clara en que, a pesar de que existe la anotación de rebeldía como remedio para la inacción de un litigante, lo cierto es que siempre se debe resolver cualquier duda a favor de la parte que se opone a la concesión de la rebeldía o, en este caso, la remoción de la misma.

---

[39] Regla 52.1 de Procedimiento Civil de 2009, *supra*.
[40] Íd.
[41] Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.
[42] Íd.

Por esto, procede la concesión del recurso de *certiorari*. Resuelto este particular, procedemos a resolver el señalamiento de error.

El peticionario señala como error que, erró el foro de instancia al denegar levantar la anotación de rebeldía, a pesar de que la *Demanda* había sido enmendada, y al momento de la solicitud ninguna parte había contestado la *Demanda Enmendada*. Le asiste la razón.

Al analizar detenidamente el expediente, se desprende que, tal como sostiene el peticionario, al momento de la presentación de la *Moción Solicitando que se Levante la Anotación de Rebeldía*, ninguna de los codemandados había presentado su contestación a la *Demanda Enmendada*. Por ello, levantar la anotación de rebeldía del peticionario no tendría ningún impacto sustancial en los procedimientos, que apenas comienzan. Más aun, al comparar la *Demanda* original con la *Demanda Enmendada*, claramente se desprende que la demanda original no fue enmendada meramente para unir como parte demandada a una compañía de seguros, sino que la recurrida introdujo nuevas alegaciones e hizo cambios a ciertas alegaciones existentes. Cambios que, tal como señala el peticionario, alteran hechos, amplían la naturaleza y descripción de lesiones, añaden nuevos tratamientos y visitas médicas, incorporan por primera vez un porciento de impedimento permanente, y modifican las alegaciones de responsabilidad entre los codemandados.

Si bien es cierto que la recurrida está en su derecho de enmendar las alegaciones, no es menos cierto que, en el momento en que realizó dichas enmiendas, el peticionario solicitó la remoción de la anotación de

rebeldía, gestión que no provocaría un retraso ni dilación en el curso ordinario del proceso judicial. Cabe añadir que, al enmendar la demanda a los efectos de unir una parte como demandada, esa "nueva" parte tiene un término para presentar su contestación de la demanda. Y en este caso, el peticionario, junto con su solicitud de relevo de anotación de rebeldía, presentó contestación a la Demanda Enmendada, antes de vencer el término para el nuevo codemandado contestar. Por lo que, no conllevaría atraso ni dilatación alguna a los procedimientos. En vista de lo anterior, no tiene mérito el argumento de la recurrida de que provocaría una dilación.

Además, ciertamente es preciso recordar la importante política judicial de que los casos se ventilen en sus méritos y así hacer justicia.

En fin, la remoción de la anotación de rebeldía, en este caso, es razonable y al levantarla, salvaguarda el derecho que tiene este litigante, o sea, el peticionario, a tener su día en corte y que, además, el caso de epígrafe se tramite y se resuelva en su fondo y en sus méritos. Se cometió el error señalado y no cabe otra conclusión que expedir el recurso de *certiorari* y revocar la orden recurrida.

**-IV-**

Por los fundamentos antes expuestos, se **expide** el recurso de ***certiorari*** y se **revoca** la orden recurrida con el fin de levantar la anotación de rebeldía contra el peticionario y admitir la contestación a la demanda enmendada presentada por este. Se ordena la continuación de los procedimientos de forma cónsona con los dispuesto en esta Sentencia.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*